IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| ROBERT BLACK, | ) | |
| | ) | |
| Petitioner, | ) | No. 2:16-cr-00054-DCN-9 |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on petitioner Robert Black's ("Black") motion to vacate pursuant to 28 U.S.C. § 2255, ECF No. 587, and respondent United States of America's (the "government") motion to dismiss the § 2255 motion, or alternatively, for summary judgment of that motion, ECF No. 603. It is also before the court on Black's motion for hearing and resentencing, ECF No. 512, and his motion to depart from the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), ECF No. 764. Finally, it is before the court on Black's motion to appoint counsel to determine his compassionate release eligibility. ECF No. 660.

This case has a complicated procedural history that bears repeating to explain the court's decisions on the pending motions. On March 10, 2017, Black pleaded guilty to Count 1 of the superseding indictment: conspiracy to commit sex trafficking of minor(s) in violation of 18 U.S.C. § 1594(c). ECF No. 371. The court initially imposed a 240-month sentence. ECF No. 475; see also ECF No. 527. On July 16, 2018, Black filed a § 2255 motion that alleged two grounds for relief under the umbrella of ineffective assistance of counsel. ECF No. 587. The government filed a motion to dismiss the

1

petition. ECF No. 603. Both of Black's alleged grounds have since been resolved by the court such that the pending motion is moot. See ECF Nos. 620, 664.

First, in the court's order taking under advisement the § 2255 motion, the court explained that it had properly calculated Black to have a base offense level of 24, not 14, because Black had trafficked minors, whereas his co-defendants who received a base offense level of 14 had only trafficked adults. ECF No. 620 at 6–10. After the appropriate enhancements were applied, Black's total offense level was calculated to be 35, and with a category III criminal history, his Guidelines range was 210 to 262 months. Id. Black initially received a 240-month sentence, which was within his Guidelines range. Id. Thus, his first ground for relief that his counsel was ineffective for failing to object to that calculation was without merit because "[f]ailure to raise a meritless argument can never amount to ineffective assistance." See id.; ECF No. 587 at 17–21; Moore v. United States, 934 F. Supp. 724, 731 (E.D. Va. 1996). Second, Black has been resentenced twice since filing his § 2255 motion. The first time was expressly to correct the purported error that he raised in his motion: that his counsel failed to timely file a notice of appeal as instructed. ECF No. 587 at 14–17. In the court's order explaining its reentry of judgment upon consent of the government, it noted that since reentry of the judgment is the standard relief for an attorney's ineffectiveness for failing to appeal, it needed not determine whether Black's counsel was ineffective on that ground. ECF No. 664. Thereafter, Black timely appealed to the Fourth Circuit. ECF No. 668. As such, both grounds for relief identified in the § 2255 motion have been fully addressed and the court finds the motion to be moot.

The court finds Black's motions for hearing and resentencing, and motion to depart from the Guidelines to be fully resolved and moot as well. Namely, the court held a hearing and resentencing after Black filed the first motion for hearing and resentencing. See ECF Nos. 512; 520; 527. As for Black's motion to depart from the Guidelines based on nonfrivolous mitigation evidence, ECF No. 764, the court found that such evidence did not outweigh the serious nature and circumstances of the offense, which guided the court to impose a sentence within the Guidelines range, see ECF No. 767. Black has since appealed his latest sentence to the Fourth Circuit and that appeal remains pending. ECF No. 775. As such, Black's request that the court appoint counsel to determine compassionate release eligibility should be held in abeyance until the Fourth Circuit's decision. See ECF No. 660.

For the foregoing reasons the court **FINDS AS MOOT** Black's § 2255 motion, his motion for hearing and resentencing, and his motion to depart from the Guidelines. The court also **FINDS AS MOOT** the government's motion to dismiss Black's § 2255 motion. Finally, the court **HOLDS IN ABEYANCE** Black's motion to appoint counsel to determine his compassionate release eligibility until his pending appeal to the Fourth Circuit is resolved.

**AND IT IS SO ORDERED.**

 

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**November 20, 2023**

**Charleston, South Carolina**